```
                                                              FILED
         IN THE UNITED STATES DISTRICT COURT              DEC 19 2022
             WESTERN DISTRICT OF TEXAS
                SAN ANTONIO DIVISION                  CLERK, U.S. DISTRICT COURT
                                                      WESTERN DISTRICT OF TEXAS
                                                      BY_____
                                                              DEPUTY CLERK
```

**DALTON SKINNER, individually and on
behalf of all others similarly situated**                                PLAINTIFF

V.                            CASE NO. SA 5-22-CV-00799-JKP

**HUNT MH SHARED SERVICES, LLC AND
HUNT MILITARY COMMUNITIES MGMT., INC.**                                  DEFENDANTS

### FIRST AMENDED AND SUBSTITUTED
### CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Dalton Skinner, individually and on behalf of all others similarly situated, by and through his attorney Chris Burks of WH LAW, for his First Amended and Substituted Class and Collective Action Complaint against Hunt MH Shared Services, LLC and Hunt Military Communities Mgmt., Inc. (collectively, "Defendants"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a class action and a collective action brought by Plaintiff Dalton Skinner, individually and on behalf of all other hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the following state wage laws ("Plaintiff's state law claims"):

    a)  the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"),

    b)  the California Labor Code: Cal. Lab. Code §§ 510 and 1194; Cal. Wage Order No. 4,

    c)  Colorado Wage Act, C.R.S. § 8-4- 101, et seq. ("CWA"), Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO"),

d) Delaware Wage Payment and Collection statute, 19 Del. C. 1101 *et seq.*,

e) Florida Minimum Wage Act, Florida Statute Chapter 448.08 and .110,

f) Georgia Minimum Wage Law, Official Code of Georgia Annotated O.C.G.A. § 34-4 et seq. ("GMWL"),

g) Illinois Minimum Wage Law, 820 ILCS105/1, *et seq.* ("IMWL"),

h) Indiana Wage Payment Statute, I.C. 22-2-5.,

i) Massachusetts (Massachusetts Fair Wage Law, M.G.L. c. 151, §§ 1A *et seq.* ("MFWL") and the Massachusetts Wage Act, G.L. c. 149 §§ 148 - 150 ("Wage Act",

j) Nevada Revied Statutes § 608.018,

k) New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. ANN. § 50-4-22(D),

l) South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*,

m) South Dakota Codified Law, SDCL § 60-11-7 and -15,

n) Texas Minimum Wage Act, Texas Labor Code § 62.001 et seq ("TMWA"),

o) Virginia Wage Payment Act (Va. Code § 40.1-29), and

p) Washington Minimum Wage Act RCW 49.46.130, RCW 49.52.050, and RCW 49.52.070

for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the above-referenced laws as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's state law claims form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant Hunt Military Communities, Inc.'s corporate headquarters is based in the Western District of Texas and the acts complained of herein were committed and had their principal effect within it. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District in the Defendant's corporate headquarters.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a resident and citizen of Lonoke County, Arkansas.

10. Plaintiff Dalton Skinner was employed by Defendants as an hourly-paid employee within the three years relevant to this lawsuit.

11. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and the state wage laws named herein.

12. Defendants are registered and licensed to do business in the State of Texas.

13. Defendant Hunt MH Shared Services, LLC is an "employer" within the meanings set forth in the FLSA and the state wage laws named herein, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

14. Defendant Hunt Military Communities Mgmt., Inc. is a real estate services company that provides housing and property management services to military personnel and their families residing on military installations across the United States.

15. During the time period relevant to this case, Plaintiff was employed at Defendant Hunt Military Communities Mgmt., Inc.'s Little Rock Hunt Military Community, headquartered in Jacksonville, Arkansas.

16. Defendant Hunt Military Communities Mgmt., Inc. has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as tools and materials used to complete maintenance on properties.

17. Each of Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

18.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19.   During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid employee

20.   Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

21.   Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

22.   Plaintiff and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendants.

23.   Plaintiff and other hourly-paid employees were regularly required to work "on-call" shifts in addition to their regular 40 hours work week.

24.   Plaintiff and other hourly-paid employees were paid a base rate of $1.00 an hour for each hour that they spent on-call, even though they were restricted in their activities and travel and required to wait for maintenance calls to come in.

25.   When calculating Plaintiff's and other hourly-paid employees' overtime pay, Defendants did not include the extra pay for the on-call hours that the Plaintiff and other hourly-paid employees were engaged to wait for maintenance calls to come in.

26.   Defendants violated the FLSA and related to state wage laws, as set forth in 29 CFR § 778.223(b), by not including the pay for the on-call hours that the Plaintiff and other hourly-paid employees worked in their regular rate when calculating their overtime pay.

27. Plaintiff worked for Defendants based out of Defendants' facility in Jacksonville and Defendant's pay practices were the same for all hourly maintenance workers at the Jacksonville facility and in all states where Defendants operated.

28. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other hourly-paid employees violated the FLSA and the state laws Plaintiff has sued under ("Plaintiff's state law claims" *infra*).

29. Defendant's hourly-paid employees were classic manual laborers, working with tools and equipment to maintain the subject residential properties.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. Multistate FLSA § 216(b) Collective

30. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff brings his FLSA claims on behalf of all hourly-paid employees employed by Defendants at any time within the applicable statute of limitations period, who were required to work on-call shifts in addition to their standard forty (40) hours in a workweek and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

33. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

34. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. They were required by the Defendants to work on-call shifts in addition to their standard forty (40) hour work week;

   B. They were paid hourly rates;

   C. They recorded their time in the same manner; and

   D. They were subject to Defendants' common policy of failing to include on-call shifts when calculating overtime pay for hours worked over forty (4o) in a work week.

35. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

36. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. Rule 23 Class Allegations

37. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the States of Arkansas, California, Nevada, Colorado, New

Mexico, South Dakota, Georgia, Florida, South Carolina, Virginia, Illinois, Indiana, Delaware, Massachusetts, Arkansas, and Texas brings this claim for relief for violation of those state wage laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the above states.

39. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' failure to include on-call shifts in its calculation of overtime pay, Defendants paid members of the proposed class a lawful overtime wage in accordance with the laws of the above states.

40. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed Rule 23 class.

41. The class members have no interest in individually controlling the prosecution of separate actions because, for one example of the state wage laws, the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

42. Plaintiff is unable to state the exact number of the potential members of the Rule 23 class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

43. At the time of the filing of this Amended Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

44. Concentrating the litigation in this forum is highly desirable because Defendant Hunt Military Community's Management, Inc. 's headquarters is based in the Western District of Texas.

45. No difficulties are likely to be encountered in the management of this class action.

46. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendants and experienced the same violations of the state laws that all other class members suffered.

47. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

48. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

49. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

50. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52. During the period relevant to this lawsuit, Defendants failed to include pay for on-call hours when calculating the overtime pay for Plaintiff and other hourly-paid employees.

53. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff a lawful overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

54. Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' act of paying the Plaintiff and other hourly paid employees $1.00 an hour for on call shifts worked in excess of their forty (40) hour standard work week.

55. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

56. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

58.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

59.   Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

60.   Plaintiff bring this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

61.   During the period relevant to this lawsuit, Defendants required Plaintiff and all similarly situated members of the FLSA collective to work on-call shifts in addition to their standard forty (40) hour work week.

62.   Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

63.   In the past three years, Defendants have employed hundreds of hourly-paid employees.

64.   Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

65.   Defendants failed to pay these workers at the proper overtime rate.

66.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

67.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

68.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

70.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

72.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an

employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

74. Defendants failed to pay Plaintiff all overtime wages owed as required under the AMWA.

75. Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' act of paying the Plaintiff and other hourly paid employees $1.00 an hour for on call shifts worked in excess of their forty (40) hour standard work week.

76. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

77. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the state wage laws)

79. Plaintiff repeats and re-alleges all previous paragraphs of this Amended Complaint as though fully incorporated in this section.

80. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the States of Arkansas, California, Nevada, Colorado, New Mexico, South Dakota, Georgia, Florida, South Carolina, Virginia, Illinois, Indiana, Delaware,

Massachusetts, Arkansas, and Texas ("Class Members") asserts this claim for damages and declaratory relief pursuant to the applicable state wage laws of those states as discussed *infra*.

81. At all relevant times, Defendants have been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4) and all other applicable state minimum wage laws.

82. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

83. Defendants knowingly and willfully violated Plaintiff and Class Members' rights by failing to pay them the proper wages, including a lawful amount of overtime, in violation of the applicable state wage laws of Arkansas, California, Nevada, Colorado, New Mexico, South Dakota, Georgia, Florida, South Carolina, Virginia, Illinois, Indiana, Delaware, Massachusetts, Arkansas, and Texas.

85. Defendants' failure to properly pay overtime wages to Plaintiff and the Class Members stems from Defendants' act of paying the Plaintiff and other hourly paid employees $1.00 an hour for on call shifts worked in excess of their forty (40) hour standard work week.

86. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid Arkansas, California, Nevada, Colorado, New Mexico, South Dakota, Georgia, Florida, South Carolina, Virginia, Illinois, Indiana, Delaware, Massachusetts, Arkansas, and Texas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

87. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

88. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the applicable state wage laws for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

89. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the applicable state wage laws, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dalton Skinner respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)   That Defendants be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)   A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)   A declaratory judgment that Defendants' practices violate:

    a. the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

b. the California Labor Code: Cal. Lab. Code §§ 510 and 1194; Cal. Wage Order No. 4,

c. Colorado Wage Act, C.R.S. § 8-4-101, et seq. ("CWA"), Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO"),

d. Delaware Wage Payment and Collection statute, 19 Del. C. 1101 *et seq.*,

e. Florida Minimum Wage Act, Florida Statute Chapter 448.08 and .110,

f. Georgia Minimum Wage Law, Official Code of Georgia Annotated O.C.G.A. § 34-4 et seq. ("GMWL"),

g. Illinois Minimum Wage Law, 820 ILCS105/1, *et seq.* ("IMWL"),

h. Indiana Wage Payment Statute, I.C. 22-2-5.,

i. Massachusetts (Massachusetts Fair Wage Law, M.G.L. c. 151, §§ 1A *et seq.* ("MFWL") and the Massachusetts Wage Act, G.L. c. 149 §§ 148 - 150 ("Wage Act",

j. Nevada Revied Statutes § 608.018,

k. New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. ANN. § 50-4-22(D),

l. South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*,

m. South Dakota Codified Law, SDCL § 60-11-7 and -15,

n. Texas Minimum Wage Act, Texas Labor Code § 62.001 et seq ("TMWA"),

o. Virginia Wage Payment Act (Va. Code § 40.1-29), and

p. Washington Minimum Wage Act RCW 49.46.130, RCW 49.52.050, and RCW 49.52.070

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F) Judgment for damages for all unpaid wage compensation under:

   a. the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

   b. the California Labor Code: Cal. Lab. Code §§ 510 and 1194; Cal. Wage Order No. 4,

   c. Colorado Wage Act, C.R.S. § 8-4-101, et seq. ("CWA"), Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO"),

   d. Delaware Wage Payment and Collection statute, 19 Del. C. 1101 *et seq.*,

   e. Florida Minimum Wage Act, Florida Statute Chapter 448.08 and .110,

   f. Georgia Minimum Wage Law, Official Code of Georgia Annotated O.C.G.A. § 34-4 et seq. ("GMWL"),

   g. Illinois Minimum Wage Law, 820 ILCS105/1, *et seq.* ("IMWL"),

   h. Indiana Wage Payment Statute, I.C. 22-2-5.,

   i. Massachusetts (Massachusetts Fair Wage Law, M.G.L. c. 151, §§ 1A *et seq.* ("MFWL") and the Massachusetts Wage Act, G.L. c. 149 §§ 148 - 150 ("Wage Act",

   j. Nevada Revied Statutes § 608.018,

k. New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. ANN. § 50-4-22(D),

l. South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*,

m. South Dakota Codified Law, SDCL § 60-11-7 and -15,

n. Texas Minimum Wage Act, Texas Labor Code § 62.001 et seq ("TMWA"),

o. Virginia Wage Payment Act (Va. Code § 40.1-29), and

p. Washington Minimum Wage Act RCW 49.46.130, RCW 49.52.050, and RCW 49.52.070

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages, where applicable, pursuant to:

a. the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations,

b. the California Labor Code: Cal. Lab. Code §§ 510 and 1194; Cal. Wage Order No. 4,

c. Colorado Wage Act, C.R.S. § 8-4- 101, et seq. ("CWA"), Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO"),

d. Delaware Wage Payment and Collection statute, 19 Del. C. 1101 *et seq.*,

e. Florida Minimum Wage Act, Florida Statute Chapter 448.08 and .110,

    f. Georgia Minimum Wage Law, Official Code of Georgia Annotated O.C.G.A. § 34-4 et seq. ("GMWL"),

    g. Illinois Minimum Wage Law, 820 ILCS105/1, *et seq*. ("IMWL"),

    h. Indiana Wage Payment Statute, I.C. 22-2-5.,

    i. Massachusetts (Massachusetts Fair Wage Law, M.G.L. c. 151, §§ 1A *et seq*. ("MFWL") and the Massachusetts Wage Act, G.L. c. 149 §§ 148 - 150 ("Wage Act",

    j. Nevada Revied Statutes § 608.018,

    k. New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. ANN. § 50-4-22(D),

    l. South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq*.,

    m. South Dakota Codified Law, SDCL § 60-11-7 and -15,

    n. Texas Minimum Wage Act, Texas Labor Code § 62.001 et seq ("TMWA"),

    o. Virginia Wage Payment Act (Va. Code § 40.1-29), and

    p. Washington Minimum Wage Act RCW 49.46.130, RCW 49.52.050, and RCW 49.52.070

in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)    An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J)    Such other and further relief as this Court may deem necessary, just and proper.

                    Respectfully submitted,

                    **Dalton Skinner, Individually and on Behalf of
                    All Others Similarly Situated, PLAINTIFF**

                    WH Law | We Help
                    1 Riverfront Pl. – Suite 745
                    North Little Rock, AR 72114
                    (501) 891-6000

            By:     /s/ *Chris Burks*
                    Chris Burks (ABN: 2010207)
                    chris@wh.law

## CERTIFICATE OF SERVICE

I certify that I have served the forgoing document via email and the CM/ECF system to the following:

Lauren M. Kulpa
Perkins Coie LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
lkulpa@perkinscoie.com, dbenitez@perkinscoie.com,
docketdal@perkinscoie.com, kluck@perkinscoie.com

Heather Murray Sager
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
HSager@perkinscoie.com

Matthew L. Goldberg
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
mgoldberg@perkinscoie.com

                        By:    /s/ *Chris Burks*
                               Chris Burks