**JOINT STIPULATION OF SETTLEMENT AND RELEASE**

WHEREAS, Plaintiff Dalton Skinner ("Plaintiff") filed a civil action on or about August 24, 2021, individually and on behalf of all other allegedly similarly-situated persons, against Defendant Hunt MH Shared Services, LLC and Hunt Military Communities Management, LLC ("Defendant" or the "Company") originally filed in the Eastern District of Arkansas, Case No. 4:21-CV-746-LPR and now pending in the Western District of Texas, as Case No. 5-22-CV-00799-JKP-RBF.

WHEREAS, in March and April 2022, the representatives of Plaintiff and Defendant (together, the "Parties") engaged in an exchange of information for the purpose of discussing a possible resolution of this matter.

WHEREAS, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that reasonably arise out of the facts alleged in the Lawsuit, *i.e.,* the alleged practices set forth in the pleadings in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the Parties enter into this Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement"), subject to the Court's approval, as follows:

**I.   DEFINITIONS**

   A.   "Claims Administrator" refers to the qualified third-party administrator approved by the Parties.

   B.   "Claims Form" means the form accompanying the Class Notice and sent to each eligible Class Member for completion and return, to participate in the settlement of this Lawsuit.

   C.   The "Class" consists of all current or former hourly- paid employees who worked unrestricted non-working standby time at all Hunt managed locations in the United States at any time between August 24, 2018 and January 13, 2023 (the "Class Period"). These individuals have been identified in Exhibit E to this Agreement, which is being filed under seal.

   D.   "Class Member" means an individual within the foregoing Class.

   E.   "Class Counsel" refers to Chris Burks of WH Law, 1 Riverfront Place, STE 745, North Little Rock, AR 72114.

   F.   "Class Notice" means the Notice of Settlement of Class Action substantively in the form attached hereto as Exhibit A to this Agreement and incorporated by reference into this Agreement.

   G.   "Court" means the United States District Court, Western District of Texas.

   H.   "Defendant" means Hunt Military Communities Mgmt, Inc. and Hunt MH Shared Services, LLC

I.      "Defendant's Counsel" means Heather M. Sager and Matthew Goldberg of Perkins Coie LLP.

J.      "Effective Date" is defined as the later of: (i) the date when the time for appeal has expired; or (ii) the date of the final resolution of any appeal of the Settlement Agreement if an appeal has been filed and not dismissed.

K.      "Gross Settlement Amount" means One Million Fifty-Eight Thousand Seven Hundred and Seventy-Seven Dollars and Seventy-Five cents ($1,058,777.75) to be paid by Defendant as provided by this Settlement Agreement.

L.      "Lawsuit" means *Dalton Skinner, et al. v. Hunt Military Communities Management, LLC., et al.,* originally filed in the Eastern District of Arkansas, Case No. 4:21-CV-746-LPR and now pending U.S. District Court for the Western District of Texas Case No. 5-22-CV-00799-JKP-RBF, and all amendments thereto.

M.      "Net Settlement Amount" means the Gross Settlement Amount less amounts for the Class Representative Service Payments, the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and the Settlement Administration Expenses.

N.      "Non-Participating Class Member" means a Class Member who either fails to timely submit a valid claim form or who submits a valid and timely Election Not to Participate in Settlement.

O.      "Participating Class Member" means a Class Member who timely submits a valid claims form.

P.      The "Parties" refers collectively to Plaintiffs and Defendant.

Q.      "Releasees" refers to and includes Defendant's present and former subsidiaries, divisions, parent companies, holding companies, stockholders, shareholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, and the successors, heirs and assigns of any such entity or person, as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act ("FLSA") or related state laws, including but not limited to all officers, directors and managers of Hunt in their personal capacities.

R.      "Released Class Claims" means the claims that the Settlement Class are releasing in exchange for consideration provided for by this Agreement. These claims area any and all claims arising out of or relating to the facts alleged in the Lawsuit or any claims that could have been alleged based on the facts pleaded, along with related claims and all associated penalties against the Releasees during the Class Period. For avoidance of doubt, the Released Class Claims include, but are not limited to, any and all past and present claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, known or unknown, including claims for damages, statutory damages, declaratory relief, injunctive relief, equitable relief, penalties, interest, attorneys' fees, or costs incurred by Class Counsel (other than those expressly awarded by the Court and contemplated herein at section 6.d.), arising out of or relating to the facts alleged in the Lawsuit, or any claims that could have been alleged based on the facts pleaded, along with

related claims and all associated penalties against the Releasees during the Class Period, including, but not limited to, the following:

1. claims for unpaid wages (including claims for minimum wage, regular wages, overtime, off the clock time, failure to pay double minimum wage, failure to pay reporting time, failure to pay for on-call/standby time);

2. claims for claims for failure to provide accurate itemized wage statements as required by relevant state law;

3. claims for failure to maintain required records (including time records showing when an employee begins and ends each work period, hours of overtime worked and hours of time worked off the clock);

4. claims for failure to timely pay wages when due (including payment of all wages owed upon separation and payment of all wages earned each pay period);

5. claims for liquidated damages, interest, statutory penalties, restitution, and civil penalties;

6. claims for unfair business practices; and

7. any and all claims based on applicable federal, state, or local law that were alleged or could have been pled based on the factual allegations raised in the Lawsuit or discussed at mediation in this matter.

Released Class Claims do not include claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and claims outside of the Class Period.

## II. RECITALS

A. On August 24, 2021, Plaintiff Dalton Skinner filed a Class and Collective Action Complaint in the United States District Court, Eastern District of Arkansas, alleging Defendant Hunt Military Communities Management, LLC violated applicable state and federal law by failing to properly pay its hourly non-exempt employees nationwide for all hours worked. Specifically, Plaintiff alleged that Defendant's treatment of on-call/standby hours was improper under the law, resulting in a failure to accurately pay for all hours worked. Plaintiff sought to recover declaratory relief, damages for all unpaid overtime compensation, liquidated damages for such unpaid wages, pre-judgment interest, attorneys' fees and costs, and such other relief as the applicable court deemed proper.

B. In around September 2021, Class Counsel and Defense Counsel met and conferred and agreed to stay the formal court proceedings to allow the Parties to engage in informal discovery leading up to mediation. In anticipation of mediation, the Parties exchanged preliminary information about policies, procedures, time and payroll records to allow Plaintiff to evaluate the claims further. This informal discovery process led Class Counsel to assert additional theories of

liability at mediation, including as to the general compensability of all on-call/standby time worked by the Class Members.

        C.      On April 11, 2022, Plaintiff and Defendant participated in mediation before respected and experienced mediator William Lemons. As a result of the mediation, the Parties, represented by their respective counsel, reached a settlement of the Lawsuit, the terms of which were memorialized in a contemporaneous short-form writing approved by Class Counsel and Defense Counsel. This Settlement Agreement replaces and supersedes that writing, and any other agreements, understandings, or representations between the Parties.

        D.      This Settlement Agreement is made and entered into by and between the Plaintiff and the Defendant. This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court. Plaintiff and Defendant hereby agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Lawsuit, on the terms and conditions set forth in this Settlement Agreement.

        E.      Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any Releasees. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or Releasees, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

        F.      Class Counsel has conducted a thorough investigation into the facts of the Lawsuit, and have diligently pursued investigation and prosecution of Class Members' claims against Defendant. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendant both on the merits and with respect to class certification. Defendant and Defendant's counsel also agree the settlement as stated in this Settlement Agreement is reasonable and fair.

        G.      The Settlement Agreement contains and constitutes a full and complete settlement and release (as defined below) by Plaintiff, which release includes in its effect Defendant and all Releasees.

### III. SETTLEMENT TERMS & CONDITIONS

    A.    <u>First Amended Complaint</u>. This Settlement Agreement is intended to resolve, collectively, all claims within the scope of the Lawsuit, as well as any arguments raised at mediation. In connection with this Settlement, Plaintiff agrees to file a First Amended Complaint including, without limitation, adding reference to class claims under additional applicable state laws, adding allegations regarding the general compensability of on-call/standby time as a whole, and attendant penalties under relevant state law for failing to properly pay for and maintain required records of all compensable hours worked, adding any arguments raised in mediation, and conforming the class definition to track that included in this document. Plaintiff will provide a copy of the First Amended Complaint to Defendant for review and comment prior to filing. Plaintiff must take all steps to effectuate the filing of the First Amended Complaint as required by the Court, including preparing a joint stipulation if required. Defendant's obligation to file an answer to the First Amended Complaint is stayed and will be mooted by the Judgment in the Action. Upon the filing of the First Amended Complaint, Plaintiff shall take the steps necessary for dismissal of the Lawsuit without prejudice as to the Class and with prejudice as to Plaintiff's individual claims. Plaintiff warrants and represents that he will take all necessary steps to dismiss the Lawsuit, and agrees and represents that he will not pursue his individual claims through any other forum, which is a material term to this Agreement. Should the Court decline to grant the request to dismiss, the Parties shall meet and confer about a mutually acceptable method to request the Court close the Lawsuit.

    B.    <u>Conditional Nature of Stipulation for Certification</u>. The Parties stipulate and agree to the certification of the claims asserted on behalf of Plaintiffs and Class Members for purposes of this Settlement only. If the Settlement does not become effective, the fact that the Parties were willing to stipulate to certification as part of the Settlement shall not be admissible or used in any way in connection with the question of whether the Court should certify any claims in a non-settlement context in this Action or in any other lawsuit or venue. If the Settlement does not become effective, Defendant reserves the right to contest any issues relating to class certification, liability, and damages. Moreover, if the Settlement does not become final and effective, as provided herein, class certification shall immediately be set aside and decertified (subject to further proceedings on motion of any Party to certify or deny certification thereafter).

    C.    <u>Appointment of Class Representative</u>. Solely for purposes of this Settlement, the Parties stipulate and agree that Plaintiff shall be appointed as the representatives for the Class. If the Settlement does not become effective, Defendant reserves the right to contest Plaintiff's adequacy to serve as class representative.

    D.    <u>Appointment of Class Counsel</u>. Solely for purposes of this Settlement, the Parties stipulate and agree that the Court appoint Class Counsel to represent the Class Members. If the Settlement does not become effective, Defendant reserves the right to contest Plaintiff's Counsel's adequacy to serve as class counsel.

    E.    <u>Gross Settlement Amount</u>. Subject to the terms and conditions of this Settlement Agreement, the Gross Settlement Amount is an all-in amount and shall be inclusive of all payments of Settlement Shares to the Participating Class Members, Settlement Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class Representative

Service Payments. Expressly excluded from the Gross Settlement Amount are employer payroll taxes, if any, due on the portion of the Settlement Shares allocated to wages. Such amounts shall not be paid from the Gross Settlement and shall be the separate additional obligation of Defendant.

  F.  <u>Claims Process</u>.

    1.  <u>Notice to Class Members</u>. After the Court enters an Order Granting Preliminary Approval of the Settlement, every Class Member will be sent the Class Notice Packet (which will include the Class Notice completed to reflect the Order Granting Preliminary Approval of the Settlement and showing the Class Member's Settlement Share) as follows:

      a.  No later than thirty (30) days after execution of this Agreement, Defendant will provide to the Settlement Administrator an electronic file containing each Class Member's Class Data. This information will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, in order to carry out the reasonable efforts described in Section II, or pursuant to Defendant's express written authorization or by order of the Court. All Class Data will be used for settlement notification and settlement administration and shall not be used for any other purpose by Class Counsel. This provision shall not be construed to impede Class Counsel's ability to discharge their fiduciary duties to the Class, and if additional disclosures are necessary, Class Counsel will obtain written authorization of Defendant and/or an order from the Court.

      b.  The Settlement Administrator shall update the Class Data using the National Change of Address database prior to mailing the Class Notice Packets. Using best efforts to mail it as soon as possible, and in no event later than fourteen (14) days after receiving the Class Data, the Settlement Administrator will mail the Class Notice Packets to all Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendant, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

      c.  If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than fourteen (14) days from receipt of the returned packet, search for a more current address for the Class Member and re-mail the Class Notice Packet to the Class Member. The Settlement Administrator will use the Class Data and otherwise work with Defendant to find a more current address. The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, Court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal Service as undeliverable. These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address using available email addresses, phone numbers, social security numbers, credit reports, LinkedIn, and Facebook; and promptly re-mailing to Class Members for whom new addresses are found. If the Class Notice Packet is re-mailed, the response date for written objections, disputes and opt-outs will be extended an additional fifteen (15) days, and the Settlement Administrator will note for its own records and notify Class Counsel and Defendant's Counsel of the date and address of each such re-mailing as part of a weekly status report provided to the Parties.

d.  As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Defendant's Counsel of the number of Elections Not to Participate in Settlement it receives (including the numbers of valid and deficient), and number of objections received.

e.  Not later than ten (10) days before the date by which the Plaintiffs file the motion for final approval of the Settlement, the Settlement Administrator will provide the Parties, for filing with the Court, a declaration of due diligence setting forth its compliance with its obligations under this Agreement and detailing the Elections Not to Participate in Settlement it received (including the numbers of valid and deficient Elections) and objections received. Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

2. <u>Objections to Settlement; Disputes as to Information allocated to Class Members; Elections Not to Participate in Settlement.</u> Participating Class Members may submit objections to the Settlement and/or objections to the Class Counsel Fees Payment and/or Class Counsel Litigation Expenses Payment. Class Members may also submit disputes as to pay periods allocated to them and Elections Not to Participate in Settlement pursuant to the following procedures:

a.  <u>Objections to Settlement</u>. The Class Notice will provide that only Participating Class Members who wish to object to the Settlement, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and/or the Class Representative Service Payments may object to the proposed Settlement, in writing submitted to the Settlement Administrator, postmarked no later than forty-five (45) calendar days after the Settlement Administrator mails the Class Notice Packets. Written objections must set forth the grounds for the objection(s) and comply with the instructions in the Class Notice. If a Class Notice Packet is re-mailed, the response date for written objections will be extended an additional fifteen (15) days. Alternatively, Class Members shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) to orally object to the Settlement, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and/or the Class Representative Service Payments. Non-Participating Class Members shall have no ability to comment on or object to the Settlement.

b.  <u>Disputes as to Pay Periods</u>. Each Class Member shall also have forty-five (45) calendar days after the Settlement Administrator mails the Class Notice Packets in which to dispute the pay periods the Class Notice allocates to them during the Class Period. Any notice of dispute shall be directed to the Settlement Administrator. Any dispute as to this allocation shall be resolved by the Settlement Administrator, with input and assistance from Defendant's Counsel where applicable. If a Class Notice Packet is re-mailed, the response date for disputes will be extended an additional fifteen (15) days.

c.  <u>Election Not to Participate in Settlement</u>. The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator, postmarked no later than forty-five (45) calendar days after the Settlement Administrator mails the Class Notice Packets, a signed Election Not to Participate in Settlement. If a Class Notice Packet is re-mailed, the response date for opt-outs will be extended an additional fifteen (15) days. To be valid, an Election Not to Participate in Settlement must be

timely and must comply with the instructions in the Class Notice. If a question is raised about the authenticity of a signed Election Not to Participate in Settlement, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity. Defendant will remain free to contest any claim brought by any Class Member that would have been barred by this Agreement, and nothing in this Agreement will constitute or be construed as a waiver of any defense Defendant has or could assert against such a claim. A Class Member who does not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above and in the Class Notice will automatically become a Participating Class Member and will be bound by all applicable terms and conditions of the Settlement, including the Released Class Claims by the Class, regardless of whether he or she has objected to the Settlement. Persons who submit an Election Not to Participate in Settlement shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

All Participating Class Members who do not submit a valid and timely Election Not to Participate in Settlement will receive a Settlement Share, without the need to file a claim form, and will be bound by all of the terms of the Settlement, including without limitation, the release of the Released Class Claims by the Participating Class Members set forth in this Agreement.

        d.    <u>Effect of Non-Participating Class Members</u>. Non-Participating Class Members will receive no Settlement Share, and their Election Not to Participate in the Settlement will reduce neither the Gross Settlement Amount nor the Net Settlement Amount. Their respective Settlement Shares will revert to Defendant.

        e.    <u>Report</u>. Not later than ten (10) calendar days after the deadline for submission of Elections Not to Participate in Settlement, the Settlement Administration will provide Class Counsel and Defendant's Counsel with a complete and accurate list of all Participating Class Members and all Non-Participating Class Members.

        3.    <u>Right of Defendant to Negate Settlement</u>. If the number of Class Members who timely submit valid Elections Not to Participate in Settlement exceeds ten percent (10%) of the Class, Defendant, at its sole discretion, shall have the right, but not the obligation, to negate the Settlement or decrease the Settlement Amount on a pro rata basis. Defendant shall exercise its rights, if at all, within fourteen (14) days after receiving the Settlement Administrator's report regarding the number of Elections Not to Participate in the Settlement it received, by providing written notice to Class Counsel. If Defendant exercises its revocation right to negate the Settlement, the Parties will have no further obligations under the Settlement, including any obligation by Defendant to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that Settlement Administration Expenses as of the date that Defendant exercises the right to void the Settlement pursuant to this Paragraph will be split by the Parties.

        4.    <u>No Solicitation</u>. The Parties and their respective counsel represent that neither the Parties nor their respective counsel have or will solicit or otherwise encourage directly or indirectly any Class Member to object to the Settlement, appeal from the Judgment, or elect not to participate in the Settlement.

G. Payments from the Gross Settlement Amount.

1. Service award of $5,000.00 to Plaintiff Dalton Skinner, to be paid out of the Gross Settlement Fund. Such award shall be paid in exchange for Plaintiff signing a General Release Agreement attached as Exhibit 1;

2. A sum of $130,000.00 to Class Counsel for attorneys' fees, costs, and expenses, in full and complete satisfaction of all claims by Plaintiff and her counsel for attorneys' fees, costs and expenses of any kind whatsoever, without need of further petition unless required by the Court. Defendant and Defendant's counsel will not oppose such a request. The total attorneys' fees and costs actually paid will be as approved by the Court in its Final Order, subject to appellate rights. Class Counsel and Defendant agree that Defendant will make such payment to WH Law, as directed by Class Counsel within 10 days after the deadline for appeal of the Court's final approval of the settlement. Hunt will report the payments to Class Counsel using an IRS Form 1099. The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Agreement, and shall not affect or delay the entry of judgments in the Lawsuit.

3. The Settlement Administrator will pay out of the Gross Settlement Fund to itself its reasonable fees and expenses, as documented and approved, in an amount not to exceed $20,000.00 ("Settlement Administration Expenses"). To the extent the Settlement Administration Expenses that are documented and approved by the Court are less than $20,000.00, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members.

4. The Settlement Administrator will pay over employee's share of payroll taxes and amounts withheld in accordance with this Settlement Agreement to the appropriate taxing authorities.

H. Payments from the Net Settlement Amount. The Net Settlement Amount shall include the following payments after the deductions have been made from the Gross Settlement Amount as described in this Agreement. The Net Settlement Amount shall include the following:

1. Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Participating Class Member. The submission of a claim form is required to be paid.

2. Each Participating Class Member will be entitled, provisionally, to a share or shares of the Net Settlement Amount. The Settlement Share for each Participating Class Member will be calculated as follows: (i) Defendant shall provide the Settlement Administrator with the pay periods for all Participating Class Members during the Class Period; (ii) the Settlement Administrator shall then divide the Net Settlement Amount by the total number of pay periods to determine a dollar amount per pay period ("Pay Period Rate"); and (iii) the Settlement Administrator shall then take the number of pay periods for each Participating Class Member and multiply it by the Pay Period Rate to calculate their Settlement Share.

3. Defendant shall retain any amounts from the Net Settlement Fund not paid out to timely valid Claims Forms submitted by Class Members.

I.  Withholding.

1. Subject to approval by the Court, fifty (50) percent of each Participating Class Member's Settlement Share is in settlement of wage claims (the "Wage Portion"). Accordingly, the Wage Portion is subject to wage withholdings, and shall be reported on IRS Form W-2 and shall be paid for from the Gross Settlement Amount. The Settlement Administrator shall be responsible for timely remitting to the tax authorities employees' and employer's share of all payroll taxes on the Wage Portion.

2. Subject to approval by the Court, fifty (50) percent of each Participating Class Member's Settlement Share is in settlement of claims for interest and penalties allegedly due to employees (collectively the "Non-Wage Portion"). The Non-Wage Portion shall not be subject to wage withholdings and shall be reported on IRS Form 1099.

3. The Participating Class Members agree to hold harmless Defendant, Class Counsel, and Defendant's Counsel for any tax liability, including penalties and interest, arising out of or relating to the Participating Class Members' failure to pay taxes on any amounts paid pursuant to this Settlement.

J.  Appointment of Claims Administrator. The Parties have mutually agreed to appoint ILYM Group, Inc. as the qualified administrator to serve as the Claims Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation. The Claims Administrator's duties will include preparing, printing, and mailing the Class Notice and Claims Form to all Class Members; conducting a National Change of Address search to update Class Member addresses before mailing the Class Notice and Claims Form; re-mailing all Class Notice and Claims Form packets that are returned to the Class Member's new address; setting up a toll-free telephone number to receive calls from Class Members; receiving and reviewing for validity completed Elections Not to Participate in Settlement; providing the Parties with weekly status reports about the delivery of Class Notice and Claims Form packets and receipt of completed Elections Not to Participate in Settlement; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; and otherwise administering the Settlement pursuant to this Agreement. The Claims Administrator will have the authority to resolve all disputes concerning the calculation of a Participating Class Member's Settlement Share, subject to the dollar limitations and calculations set forth in this Agreement. The Settlement Administration Expenses, including the cost of printing and mailing the Class Notice and Claims Form packet, will be paid out of the Gross Settlement Amount.

1. The Claims Administrator shall have its own Employer Identification Number under Internal Revenue Service Form W-9 and shall use its own Employer Identification Number in calculating payroll withholdings for taxes and shall transmit the required employer's and employees' share of the withholdings to the appropriate state and federal tax authorities. The Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder which settlement fund shall consist of the Gross Settlement Amount plus any employer-side payroll taxes payable in connection with amounts paid pursuant to this Settlement which are paid by Defendant to the

Settlement Administrator pursuant to the foregoing Section III.F and the below Section III.J.9. The Parties shall cooperate as necessary to ensure that settlement fund is treated as a QSF. Any taxes due as a result of income earned by the QSF will be paid by the QSF.

2.  In addition, the Parties agree that the Claims Administrator will provide notice of the final judgment to Class Members by mail along with the Participating Class Member's Settlement Share, if any. The notice shall include the following (or substantially similar) language: "This notice is being mailed to all Class Members in *Dalton Skinner, et al. v. Hunt Military Communities Management, LLC., et al.*, pending U.S. District Court for the Western District of Texas Case No. 5-22-CV-00799-JKP-RBF, including you. This notice is to advise you that the Court has approved the settlement of this matter and entered judgment accordingly. Your Participating Class Member's Settlement Share is enclosed if you did not opt-out of this Settlement."

K.  <u>Waiver of Right to Appeal</u>.  Provided that the Judgment is consistent with the material terms and conditions of this Agreement, Plaintiffs and Participating Class Members who did not timely submit an objection to the Settlement, Defendant, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as, but not limited to, a motion to vacate judgment, a motion for new trial, and any extraordinary writ. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. If an appeal is taken from the Judgment, the time for consummation of the Settlement (including making payments under the Settlement) will be suspended until such time as the appeal is finally resolved and the Judgment becomes Final.

L.  <u>Vacating, Reversal, or Material Modification of Judgment on Appeal or Review</u>. If, after a notice of appeal, a petition for review, or a petition for certiorari, or any other motion, petition, or application, the reviewing Court vacates, reverses, or modifies the Judgment such that there is a modification to the Settlement, and that Court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher Court, then the Parties shall work together in good faith to address any concerns raised by the reviewing Court and propose a revised Settlement for the approval of the Court not later than fourteen days after the reviewing Court's decision vacating, reversing, or modifying the Judgment becomes Final, unless any such revisions are inconsistent with a material term of this Agreement. "Material" includes but is not limited to, the Gross Settlement Amount, the scope of the Released Class Claims, the scope of Plaintiff's Releases, or the binding effect of the Settlement on Participating Class Members (including Plaintiff). In the event of a vacation, reversal, or modification of a material term, at Defendant's sole election, the Settlement shall be null and void, and the Parties will have no further obligations under it. A vacation, reversal, or modification of the Court's award of the Class Representative Service Payments or the Class Counsel Fees Payment or Class Counsel Litigation Expenses Payment will not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph, provided that Defendant's obligation to make payments under this Settlement will remain limited by the Gross Settlement Amount.

M.  <u>Timing of Settlement Funding and Provision of Settlement Shares and Other Payments</u>.  Defendant shall fund the Gross Settlement Amount by depositing the money with the Settlement Administrator. Defendant shall fund the Gross Settlement Amount and the amount

158216138.2
159163366.1

necessary to pay Defendant's share of any employer-side payroll taxes within thirty (30) days of the Effective Date. Within fifteen (15) days after Defendant funds the Gross Settlement Amount, the Settlement Administrator will make payment of all Settlement Shares to Participating Class Members, as well as payment of Settlement Administration Expenses, the Class Counsel Fees Payment, the Class Counsel Litigation Expenses Payment, and the Class Representative Service Payments in accordance with this Agreement.

   N. <u>Release Language on Settlement Checks</u>. There shall be included language on the back of each check sent to all Class Members by the Claims Administrator stating "By accepting this payment, I waive any right to bring suit for back wages under the Fair Labor Standards Act and all other applicable state laws for failing to accurately calculate and pay my regular and overtime rates of pay for on-call or standby work during the period between August 24, 2018 and January 13, 2023. I agree that, by accepting this payment, I have settled my claims for any unpaid wages, recordkeeping or paystub violations, liquidated damages, interest, and associated penalties between August 24, 2018 and January 13, 2023 for the matters released as more fully stated in the Settlement Agreement."

   O. <u>Uncashed Settlement Share Checks</u>. A Participating Class Member must cash his or her Settlement Share check within one-hundred eighty (180) days after it is mailed to him or her. If a Participating Class Member's Settlement Share check is not cashed within one-hundred twenty (120) days after its last mailing to the Participating Class Member, the Settlement Administrator will also send the affected Participating Class Member a notice informing him or her that unless the check is cashed in the next sixty (60) days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed. If the check remains uncashed by the expiration of the sixty (60)-day period after this notice, the funds from such uncashed checks will escheat to the State.

## IV. MUTUAL FULL COOPERATION

The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and their counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement and to obtain a final judgment in the Lawsuit upon completion of the terms and conditions of the Settlement Agreement as approved by the Court.

## V. RELEASE OF CLAIMS

Upon the "Effective Date," (and except as to such rights or claims as may be created by this Settlement Agreement), each Class Member fully releases and discharges Defendant and Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in

the Lawsuit, which includes all claims for "on-call", "standby" or other categories of time worked but not recorded as worked ("off-the-clock" claims) for regular and/or overtime wages and including associated recordkeeping or paystub violations, liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law between August 24, 2018 and January 13, 2023. This release includes all claims related to any alleged failure to properly calculate Class Members' regular rate of pay under the FLSA, AMWA, other relevant state laws, state common law and unjust enrichment, and pursuant to wage contract claims. Class Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law. This release extends only to job positions within the defined class, and not to job positions held by Class Members outside the defined Class. Notwithstanding the foregoing, no FLSA claims are released by Class Members who do not file a claim form under this Settlement Agreement.

The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## VI. ENFORCEMENT ACTION

This Settlement Agreement is fully enforceable in the U.S. District Court for the Western District of Texas before such judge as may be designated by the procedures of the Court, who shall retain jurisdiction to enforce this Settlement Agreement.

## VII. NOTICES

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by the Parties to this Settlement Agreement shall be in writing and shall be addressed as follows:

> To Plaintiff:
> Chris Burks
> WH Law
> 1 Riverfront Place
> North Little Rock, AR 72114
> Tel: (501) 891-6000
> chris@wh.law
>
> To Defendant:
> Heather M. Sager
> Perkins Coie LLP
> 505 Howard St., Suite 1000
> San Francisco, CA 94106
> Tel: (415) 344-7115
> hsager@perkinscoie.com

## VIII. CONSTRUCTION

The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

## IX. CAPTIONS AND INTERPRETATIONS

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## X. MODIFICATION

This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## XI. INTEGRATION CLAUSE

This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## XII. NO PRIOR ASSIGNMENTS

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## XIII. CLASS COUNSEL SIGNATORIES

It is agreed that because the Class Members are so numerous, it is impossible or impractical and not required to have each Class Member execute this Settlement Agreement. The Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Class Member.

### XIV. PUBLICITY

Parties shall not issue any press release about the Settlement Agreement or its terms. The Parties shall respond to employees or media only with the acknowledgment that "the matter was amicably resolved."

### XV. REFERENCES

If Defendant receives a request for a work reference for Plaintiff or any Class Member who files a claim form, Defendant shall follow its normally-applicable procedures for employee references. Defendant represents that it's normally-applicable procedures for employee references are to refer prospective employers to humanresources@huntcompanies.com. The Company will verify no more than the following information: dates of employment, last position held, and only if authorized in writing by the employee that an offer of employment has been made, Employee's last rate of pay.

### XVI. COUNTERPARTS

This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

**EXECUTION BY PARTIES AND COUNSEL**

The Parties hereby execute this Agreement.

DATED: __January 13__, ~~2022~~ 2023         **HUNT MILITARY COMMUNITIES MANAGEMENT, LLC**

By: _[signature]_

Its: _Authorized Signatory_

DATED: __Jan 12, 2023__         **DALTON SKINNER**, for himself and as a representative of other Class Members

_[signature]_
Dalton skinner (Jan 12, 2023 17:58 CST)

- 15 -

158216138.2
159163366.1

APPROVED AS TO FORM AND CONTENT:

DATED: _____  **Whlaw**

By:_____
Chris Burks, counsel for Plaintiff
SKINNER and the Class Members

DATED: _____  **PERKINS COIE, LLP**

By: _____
Heather Sager, counsel for Defendant HUNT
MILITARY COMMUNITIES
MANAGEMENT, LLC