IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

**MICHAEL ADDIE AND HOLLY ADDIE**                                         PLAINTIFFS/
**COUNTER-DEFENDANTS**

V.                                             CASE NO. 60CV-19-4920

**SAMANTHA CORKINS**                                                        DEFENDANT/
**COUNTER-PLAINTIFF**

**ED HUDSON**                                                              COUNTER-PLAINTIFF

**DECLARATION OF ATTORNEY CHRIS BURKS**

**I.   QUALIFICATIONS OF COUNSEL**

COMES NOW Attorney Chris Burks, after being duly sworn, and does hereby state on oath as follows:

A. Attorney Chris Burks

1.  My name is Chris Burks, and I am providing this declaration pursuant to 29 U.S.C. § 1743.

2.  I am over the age of 18, and legally qualified to execute this declaration.

3.  The contents of this declaration are within my personal knowledge.

4.  I am not under any disability or impairment of any kind.

5.  I am an attorney licensed to practice law in the State of Arkansas.

6.  I practice law with the law firm of WH Law, PLLC, and my office is North Little Rock, Arkansas (Pulaski County). I have been practicing law since 2010.

7. I practice law full time, and I manage another attorney and a few staff members at WH Law.

8. I have served as class counsel in many cases which the presiding Courts granted my clients' motions to proceed as a Rule 23 class, for example: *Rebecca Gross, et al, v. Molex, LLC*, 4:19-CV-0355-BSM, (E.D.Ark.) *Calvin Milam, et al v. Arkansas Utility Protection Services, Inc.*, 4:18-cv-312-BSM (E.D. Ark); *Sherri Dandison, et al. v. Hanks Furniture, Inc.*, 4:15-62-DPM (E.D. Ark); and *James Covington, et al v. American Railcar Industries, Inc.* 3:17-cv-00145-JLH (E.D. Ark.)

9. I am also serving, or have served, as plaintiff's counsel in many cases in which the presiding Courts granted my clients' motions to proceed as nationwide or multi-state collective actions under Section 216 of the FLSA: *Mendez v. Xtreme Drilling & Coil Services, Inc.*, No. 5:15-cv-673-DAE (W.D. Tex.); *Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC*, 5:15-432-FB (W.D. Tex); and *Roche, et al. v. S-3 Pump Service, Inc.*, No. 5:15-cv-268-XR (W.D. Tex.).

10. I am also serving, or have served, as plaintiff's counsel in several cases in which the presiding Courts granted my clients' motions to proceed as statewide collective actions under Section 216 of the FLSA: *Darryl Webb, et al v. Southern Aluminum Manufacturing Acquisition, Inc.*, 1:19-cv-1059-SOH (W.D. Ark.); *Crystal Holland et al v. Allegiance Hospital of North Little Rock, LLC*, et al, 4:20-CV-00344-KGB (E.D. Ark.); *Stricklin v. Drivenforce, Inc.*, No. 4:15-cv-202-BRW (E.D. Ark.); *Dandison v. Hanks Furniture, Inc.*, No. 4:15-cv-62-DPM (E.D. Ark.); *Thomas v. United Methodist Children's Home, Inc., et al.*, 4:14-cv-562-KGB (E.D. Ark.); and others.

11. In the past year, I have managed no fewer than 60 cases involving wage claims under the FLSA, AMWA, and related state wage laws.

12. I have has prosecuted over 150 civil wage lawsuits in the past five years.

13. Further, I have handled cases before almost all county Circuit Courts in the Central and River Valley regions of Arkansas, the United States District Courts for the Eastern and Western Districts of Arkansas, the United States District Courts for the Eastern, Southern, Northern and Western Districts of Texas, United States District Court for the Southern District of Ohio, United States District Court for the Southern District of Indiana, United States District Court for the Northern District of Mississippi, the United States District Court for the District of Colorado, and the Eighth Circuit Court of Appeals.

14. I am or have been a member of the American, Arkansas, and Pulaski County Bar Associations, the Arkansas Trial Lawyers Association and the National Employment Lawyers Association.

15. In addition to wage and hour cases, a significant portion of my case load is in trial work in federal court, including cases under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Fair Labor Standards Act, and the Family and Medical Leave Act.

16. In addition to my litigation experience, while in private practice I also served as General Counsel for the Democratic Party of Arkansas for four (4) years. During that time, I managed other attorneys and staff in representing a political party with a $250,000.00 plus annual budget and highly complex legal service needs. While in private practice I have also published in the *Arkansas Lawyer* and contributed to the Arkansas Bar Association through service on various Bar committees and an Arkansas Bar Task Force on Insurance.

17. In the present case I have invested significant amounts of time in investigating, identifying, preparing and pursuing the claims of Plaintiff as well as members of the proposed class, as demonstrated by the documents filed to date in this case. This case was taken at no costs to Plaintiff on a free contingency fee.

18. Further, I have worked with Defendant's counsel on obtaining information needed to assess the merits and potential damages in the case and I negotiated the claims of the Settlement Class in this Action.

19. Specifically, I analyzed the payroll and time data in depth, compared that to the statements of Plaintiff and potential class members, and negotiated an amount of time for payment that matches the statements of Plaintiff and potential class members.

20. The negotiated settlement was at arms' length, and done through extensive verbal and email communications with opposing counsel before and during a mediation with an experienced mediator, as well as through independent detailed analysis of the data using analytics on Microsoft Excel.

21. The relief negotiated for the Settlement Group is fair, reasonable, and adequate and fully considers the litigation risks and other factors referenced in Rule 23(e)(2)(C). The costs of further litigation would dwarf any potential recovery and would present the risk of no recovery at all.

22. If the Parties had been unable to reach an amicable resolution, the Action would have been heavily litigated between the Parties for over a year, and any disposition of the case at the District Court level would likely have gone to the Court of Appeals. Therefore, many years might pass before ultimate resolution. Further, the relevant wage statutes contain fee-shifting

provisions, the time and labor required to investigate, prosecute, and mediate multi-state class actions are not insignificant; the multiple state law claims were somewhat novel, and there was skill required to perform the legal service adequately.

23.     Here, I am ready and willing to devote the necessary time, effort, and resources to vigorously and effectively prosecute the current case to the conclusion through the settlement. To that end, I have already devoted significant amounts of my own time as well as the time of an associate attorney to prosecuting this case.

24.     I am unaware of any individual Plaintiff or unnamed Class Member who is interested in controlling the prosecution of separate actions against Defendant with regard to unpaid wages.  Since the filing of this lawsuit, no Plaintiff or potential plaintiff has made such a desire known.

25.     I am unaware of any other litigation regarding the issues presented in this case by the Plaintiffs or Unnamed Class Members against Defendant.

26.     Here, the collective settlement group under (b)3 was the superior method of adjudicating the Settlement Class Members' claims because they were on average worth too little to be pursued individually given the cost and time involved in individual actions.  Each collective member spent relatively little time at issue as compared to the expense of federal litigation.

27.     Further, the Settlement Agreement provided for a reasonable process for providing Settlement Class Members with notice of the settlement(and the opportunity to opt ut or object).

28.     The Settlement Agreement provides for a contingent fees payment as a fraction of the common fund that the Class Counsel was successful in obtaining for the benefit of the class to

compensate proposed Class Counsel for the risk on taking on the litigation at no cost to Plaintiff, as well as the time and effort expended and that will be expended in representing the interests of Settlement Class.

29. The Settlement Class Members did not sacrifice recoverable wages for the attorney's fees portion of the common fund because of the inclusion of liquidated damages in the total amount of the common fund. As such, all settlement group plaintiffs received full compensation for their claims and 100% of their back wages owed, as well as a portion of liquidated damages, the applicability of which is disputed by Plaintiffs and Defendant.

30. On its face, the Settlement Agreement treats all Settlement Class Members equitably relative to each other in that each Settlement Class Member is credited with their specific number of standby pay overtime credits for the time records that each worked for Defendant during the relevant liability period. Each Group Member's payment is keyed to the amount of time they were actually working, so the damages are personalized to each individual.

31. Class Counsel will receive a fee award based on a percentage of the common fund Hunt provided to resolve this matter. Class Counsel's percentage fee award shall be 12% of the total value of the common fund equaling $130,000.00.

**Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on this 10th day of January, 2023.

/s/ Chris Burks
**CHRIS BURKS**