IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DALTON SKINNER, individually and on behalf of all others similarly situated**                                    **PLAINTIFF**

      V.                           CASE NO. SA 5-22-CV-00799-JKP

**HUNT MH SHARED SERVICES, LLC AND
HUNT MILITARY COMMUNITIES MGMT., INC.**                 **DEFENDANTS**

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
AND SETTLEMENT HEARING

**If you work or worked as an hourly- paid employee who worked unrestricted non-working standby or "on call" time at all Hunt-managed locations in the United States at any time between August 24, 2018 and January 13, 2023, the following proposed class action settlement may affect your rights.**

*Please read this Notice carefully and fully. This Notice describes a proposed settlement and related matters, including procedures for claiming a payment from a Settlement Fund to which you may be entitled.*

This Notice is intended to inform you about the terms of a proposed class action settlement (the "Settlement" or "Settlement Agreement") of a pending lawsuit and your rights in connection with this Settlement. This Notice describes the steps you must take to be eligible to receive Settlement Fund monies if this Settlement is finally approved by the Court. If you do not wish to be part of the class, this Notice details the steps you must take to be excluded from the class.

1.      **What is the Lawsuit About?**

Plaintiff Dalton Skinner ("Plaintiff") is a former employee of Hunt Military Communities Mgmt, Inc. and Hunt MH Shared Services, LLC ("Hunt") who worked as an hourly employee at the Jacksonville, Arkansas location. On August 24, 2021, Plaintiff filed a lawsuit entitled *Skinner, et al. v. Hunt Military Communities Management, LLC, Arkansas*, now No. 5-22-CV-00799-JKP-RBF, which is pending in the United States District Court for the Western District of Texas (the "Action"). In the Action, Plaintiff alleges that Hunt failed to pay him and others lawfully for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA") and related other state wage laws. Specifically, he claims that Hunt's treatment of on-call/standby

hours was improper under the law, resulting in a failure to accurately pay for all hours worked. Plaintiff sought to recover declaratory relief, damages for all unpaid overtime compensation, civil penalties and liquidated damages for such unpaid wages, pre-judgment interest, attorneys' fees and costs, and such other relief as the applicable court deemed proper.

Hunt has denied, and continues to deny, all Plaintiff's claims and allegations and denies that he or any other hourly employees are entitled to any relief in the Action. Hunt also contends that at all relevant times it properly paid Plaintiff and all other hourly employees in compliance with the FLSA, the AMWA, and other applicable state wage laws. Hunt contends that, but for the Settlement, class- or collective-action treatment of Plaintiff's claims is not proper.

The Court has not made any determination on whether Plaintiff's claims have merit or not. Even so, Plaintiff and Hunt have entered into an agreement to settle the claims Plaintiff has asserted in this Action, including his individual claim and the claims she sought to assert on behalf of other hourly employees of Hunt. This Settlement was negotiated at arm's length, and Class Counsel, who represents Plaintiff and the Settlement Class Members, believes that the relief provided is adequate, taking into account all the relevant legal factors.

## 2. What Are the Terms of the Class Settlement?

The Parties have agreed to resolve this matter on a Rule 23 class action basis, to address the AMWA and related state wage law claims. Given the overlap between claims arising under the FLSA and the AMWA and state wage law claims, and the fact that the Rule 23 standard is higher than the standard for certification of an opt-in class under the FLSA, the FLSA and AMWA and related state law claims are being resolved together through this settlement via the process set forth in Fed. R. Civ. P. 23. As such, the Settlement includes all hourly-paid employee who worked unrestricted non-working standby or on-call time at all Hunt managed locations in the United States at any time between August 24, 2018 and January 13, 2023, and who have not otherwise released such claims.

Under the Settlement, Hunt will pay a total of One Million Fifty-Eight Thousand Seven Hundred and Seventy-Seven Dollars and Seventy-Five cents ($1,058,777.75) into a Settlement Fund. The Settlement Fund will be distributed according to a formula the Parties used to determine each Class Member's share of the $1,058,777.75 settlement proceeds. This was based on Hunt's records of Class Members' hours worked, overtime pay, and hourly pay between August 24, 2018 and January 13, 2023.

In exchange for receiving his or her share of the distribution of the Settlement Fund, each Settlement Class Member who does not opt-out of the Settlement will waive and release any claims he or she may have had against Hunt for unpaid wages through January 13, 2023. This is explained in more detail below.

By agreeing to this Settlement, Hunt does not admit that it has done anything wrong, but instead asserts that at all relevant times it has paid its employees properly and in compliance with applicable laws. The Settlement may not be taken as an admission of liability on the part of Hunt.

3. **Am I a Member of the Settlement Class?**

You are a member of the Settlement Class, and your rights may be affected by the Settlement, if you fit within this definition: all hourly-paid employees who worked unrestricted non-working standby or "on-call" time at all Hunt managed locations in the United States at any time between August 24, 2018 and January 13, 2023, who have not otherwise released their claims and who do not opt out of the Settlement.

If you received this Notice in a mailing addressed to you, then Hunt's records show that you fit within the definition of the Settlement Class. If you do not fit within the definition above, however, you are not a member of the Settlement Class, and you should disregard this Notice.

If you are a Settlement Class Member, you have legal rights and options that you may exercise before the Court finally approves the Settlement.

4. **What Do I Have to Do to Participate in the Settlement and Receive a Settlement Payment?**

If you would like to participate in the Settlement and receive a Settlement Payment, you do not need to take any action other than returning the enclosed ILYM Group, Inc. claim form. If you take no further action other than returning the claim corm, you will be considered part of the Settlement Class and will receive your allocated Settlement Payment automatically.

5. **Do I Have to Participate in the Settlement?**

If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement. This is called "opting out" of the Action. If you exclude yourself from the Settlement, you will not waive or release (i.e., give up) any legal rights that you otherwise have, and you will not receive a Settlement Payment. Information about how to opt out is provided below.

6. **How Does The Class Settlement Process Work?**

The Court has reviewed the Parties' proposed class action Settlement and has given it preliminary approval. Before deciding whether to grant final approval to the Settlement, the Court requires that you receive this Notice informing you of the general terms of the

Settlement, what actions you need to take to participate in the Settlement, and of your rights to opt-out of the monetary relief portion of the Settlement or to object to the Settlement, if you would like to do so.

Your options for responding to this Notice are explained in more detail below. Once the period has passed for Settlement Class Members to exercise their options in connection with the Settlement, the Court will consider whether to grant final approval to the Settlement.

The Court will hold a Settlement Hearing to consider whether the Settlement is fair, reasonable, and adequate, and to decide whether to give final approval to this Settlement. The Court also will consider whether the motion of the Plaintiffs' attorneys, or "Class Counsel," for an award of attorneys' fees and costs should be approved, and whether, in accordance with the Settlement, an order and judgment should be entered bringing the Action to a conclusion.

The hearing will be held on April _____, at 1:30 p.m., in the Courtroom of United States District Judge Jason K. Pulliam, United States District Court, Western District of Arkansas, 262 West Nueva Street, San Antonio, TX 78207. If the Court grants the Settlement final approval, the Court's judgment will be final and binding as to all class members.

After the Court grants final approval of the Settlement, Hunt will pay the Settlement Amount to the Class Members in accordance with the Court's Order.

7. **Do I Have To Attend The Settlement Hearing?**

You are not required to attend the hearing.

If you are a Settlement Class Member you will be represented by attorneys for the Settlement Class at no cost to you.

If you wish to opt out of the Settlement Class, you must submit a request to opt out in writing, but you do not need to attend the hearing.

If you wish to object to the Settlement, you must submit a written objection. If you wish to object to the Settlement you may present your objection in writing, or you may, in addition to a written objection, appear and be heard by the Court, either by yourself or, at your own expense, with an attorney of your choice.

8. **How to Proceed: Your Options and the Effects of Your Options**

    A. Do nothing and consent to the Settlement,

    B. Return the form to ILYM and receive a settlement payment from the fund,

C. Opt out and exclude yourself from the Settlement and not receive a Settlement Payment, or

D. Object to the Settlement.

### *Option A: Do nothing and consent to the Settlement*

If you take no action, you will be covered by the terms of the settlement and, accordingly, will have released claims against Hunt related to wages and compensation. However, you will not receive any settlement funds.

### *Option B: Return ILYM form and Receive a Settlement Payment from the Settlement Fund*

If you return the ILYM form, you will remain a part of the Settlement Class and will receive a Settlement Payment from the Settlement Fund based on Hunt's records of Class Members' hours worked, overtime pay, standby pay, and hourly pay, which was used to calculate overtime wages that include shift differential, pursuant to the allocation methods fully described in the Settlement Agreement.

In exchange for receiving a Settlement Payment, you will waive and release all legal claims that you may have against Hunt that are related to wages and compensation, whether known or unknown, through January 13, 2023. When you "waive or release" claims against Hunt, that means that you agree never to sue Hunt for any of the claims you are waiving and releasing.

### *Option C: Opting-Out of (i.e., Excluding Yourself from) the Settlement*

You may request to opt out, or be excluded, from this Settlement. If you opt out, you will not be eligible to receive any payment as part of this Settlement, you will not waive or release any claims you may have, and you will not be bound by the terms of the Settlement Agreement. If you wish to opt out of the Settlement Class, you must mail a written, signed statement that you are opting out of the Settlement Class <u>and</u> you must mail your statement to the following address: WH Law, 1 Riverfront Pl., Suite 745, North Little Rock AR 72114 on or before 30 days from the date of the mailing of the notice, which is February 23, 2023. Also, your statement must contain the following:

- Your name, social security number, current address, and a telephone number where you can be reached;

- The name and case number of this case (*Dalton Skinner, et al. v. Hunt Military Communities Management, LLC., et al.,* No. 5-22-CV-00799-JKP-RBF); and

- A statement that you wish to opt out of the Settlement Class, you understand what opting out means, and you are doing so voluntarily.

If you are a Settlement Class Member and you do not timely opt-out, you will be considered part of the Settlement Class, and you will have waived and released the legal claims against Hunt as described above.

Please note that, if you submit a timely and valid request to opt out of the Settlement Class, you will have no right to object to the Settlement in Court and will no longer be represented by Class Counsel.  You will also have no right to object and will no longer be represented by Class Counsel if you have already otherwise waived or released your claims.

### *Option D: Objecting to the Settlement and/or Speaking at the Hearing*

The Court must hold a Settlement Hearing (also called a Fairness Hearing) to assess the overall fairness, reasonableness, and adequacy of the Settlement before finally approving the Settlement.  Settlement Class members who have not opted out of the Settlement may object to the Settlement.

If you want to object to the Settlement, you must submit a written objection before the Settlement Hearing. This statement must be signed, it must include the name and case number of this case (*Dalton Skinner, et al. v. Hunt Military Communities Management, LLC., et al., No. 5-22-CV-00799-JKP-RBF*), it must state whether the objection applies to you or the Settlement Class or a subset of the Settlement Class, and it must state with specificity the grounds for your objection. This statement must be received at the following address on or before March 26, 2023, which is ten days before the final fairness hearing:

WH Law, 1 Riverfront Pl., Suite 745, North Little Rock AR 72114

You need not attend the Settlement Hearing for your objection to be considered by the Court, but you may appear if you so desire. If you plan to comment on or object to the Settlement in person at the Settlement Hearing, you must also file a written notice of appearance identifying yourself and, if applicable, any attorney you may retain at your own expense.   As noted above, this notice of appearance must also be signed, must include a copy of your objection statement, and must be received at the above address on or before March 26, 2023.

Please note that no one may appear at the Settlement Hearing for the purpose of objecting to the Settlement without first having filed and served a written objection statement describing with specificity the grounds of the objection within the time period described above.

**9. How Will My Payment Be Calculated?**

Each Settlement Class member will receive a Settlement Payment that is based on the following:

> The formula the Parties used to determine each Class Member's share of the $1,058,777.75 settlement proceeds was based on Hunt's records of Class Members' hours worked, overtime pay, standby pay, and hourly pay, which was used to calculate overtime wages that include standby pay in the calculation of the regular rate, which was then compared to the number of workweeks each class member individually worked between August 24, 2018 and January 13, 2023

Each Settlement Class Member who timely returns a claim form and does not opt-out of the Settlement will receive a Settlement Payment divided into two checks. The first check will be allocated as wages, and payroll taxes will be withheld from this payment. This amount will be reported on an IRS Form W-2. The second check will be allocated as liquidated damages under the FLSA, and payroll taxes will not be withheld from this payment. This amount will be reported on an IRS Form 1099.

**10. How will Class Counsel and the Claims Administrator Be Paid?**

Counsel will file a joint motion for an award of attorneys' fees and costs incurred in connection with the litigation and the Settlement as a part of the final approval motion. In the motion, counsel will request that the Court award Class Counsel attorneys' fees and expenses in the amount of $130,000.00.

Class Counsel have pursued these claims on behalf of Plaintiff and the Class without receiving any compensation for their services or for reimbursement of their out-of-pocket expenses. Class Counsel have undertaken substantial risks in pursuing this matter. They have done so with the understanding that, if they obtained a recovery for the class, their expenses would be reimbursed, and they would receive fees from the common fund recovered. The Court will award Class Counsel reasonable attorneys' fees and expenses out of the Settlement Fund, including separately the costs of the Claims Administrator to administer the Settlement up to $20,000.00.

If you are a Settlement Class Member and receive a payment from the Settlement Fund, you will not owe any fees or expenses to any of the lawyers who have represented Plaintiff or you as member of the Settlement Class. The attorneys' fees and expenses of Class Counsel, as awarded by the Court, will be paid only from the Settlement Fund and only if and after the Settlement has been approved by the Court.

## 11. Getting More Information

In no event should you contact the Court or the Court's Chambers about this proposed Settlement. If you have further questions or are still not sure whether you are included, you can get free help by emailing, calling, or writing to Class Counsel's appointed settlement administrator at the following phone number or address:

ILYM Group, Inc.

14751 Plaza Dr., Ste J Tustin, CA 92780

888.250.6810

**DO NOT CONTACT THE COURT REGARDING THIS SETTLEMENT. THE COURT MUST REMAIN NEUTRAL IN THIS MATTER AND CANNOT OFFER YOU ADVICE OR RESPOND TO QUESTIONS.**