IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DALTON SKINNER, individually and on
behalf of all others similarly situated**                                    **PLAINTIFF**

V.        CASE NO. SA 5-22-CV-00799-JKP

**HUNT MH SHARED SERVICES, LLC AND
HUNT MILITARY COMMUNITIES MGMT., INC.**        **DEFENDANTS**

# ORDER

The parties' joint motion for preliminary approval of the settlement [Doc. No. 25] is granted. Accordingly, the class is certified for settlement purposes, and plaintiff's counsel is appointed as class counsel. The settlement agreement is preliminarily approved, but it is subject to a fairness hearing, which shall be held on April 4, 2023 at 1:30 p.m., in the United States District Courthouse at 262 West Nueva Street, San Antonio, TX 78207.

## I.        BACKGROUND

Skinner worked for Hunt, real estate services company that provides housing and property management services to military personnel and their families residing on military installations across the United States, as an hourly-paid employee. *Compl*. ¶¶ 15–18. He alleges that he and other hourly-paid employees were denied pay because Hunt did not include in their overtime pay the extra pay for the on-call hours that the Plaintiff and other hourly-paid employees were engaged to wait for maintenance calls to come in .*Id*. ¶¶ 24–26. Hunt argues that Molex's actions violated the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA"), and related state wage laws. *Id*. at 2. After investigating the claims, and in order to save litigation

expenses, the parties jointly move for certification of a settlement class of hourly-paid Hunt employees, as well as preliminary approval of a settlement agreement. *Br. Mot. Prelim. Approval* at 2, Doc. No. 26.

## II. DISCUSSION

A.   <u>Class Certification</u>

The proposed class is certified for settlement purposes because it meets the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Civil Procedure 23.

The numerosity requirement is met because there are approximately 500 members of the class, all of whom worked for Hunt between August 24, 2018 and January 13, 2023. *Br. Mot. Prelim. Approval* at 4, 11. *See Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 624 (5th Cir. 1999*); TWL Corp. v. Chow* (5th Cir. 2013)).

The commonality requirement is met.  This is because the parties indicate that the issue of whether Hunt's standby time payment policy complied with the FLSA, AMWA, and related state wage laws is common to all class members. *Br. Mot. Approval* at 11-13. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality present where common questions of law can be resolved "in one stroke"). Each of the state laws set Skinner has sued upon have the minimal common and predominate element of requiring a minimum wage and overtime premium payment for hours worked in a workweek.  Thus the question of whether Hunt's common payment practice resulted in Skinner and the Settlement Class Members not being paid for all time worked are both common to the class and plainly do predominate.

The parties also state that Hunt's practice of payment for standby time was applied to all proposed settlement class members, satisfying the typicality requirement of Rule 23. *Br. Mot.*

*Approval* at 13-13. *See Stirman v. Exxon Corp.*, 280 F.3d 554 (5th Cir. 2002) (typicality present when representative claims arise from same alleged conduct as class claims).

Lastly, the adequacy requirement is met. This is because Skinner's interest in receiving pay that Hunt allegedly denied him aligns with the interests of the rest of the settlement class. Further, his counsel is experienced in FLSA and AMWA litigation. *Br. Mot. Approval* at 21–22.

B. <u>Preliminary Settlement Approval</u>

A settlement of a class action requires court approval, which may be given "only after a hearing and only on finding that [the settlement] is fair, reasonable, and adequate …" Fed. R. Civ. P. 23(e)(2). *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285 (5th Cir. 2017) There are two stages to the approval process. *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. Oct. 29, 2013). First, "the parties submit the proposed settlement to the Court, which must make a preliminary fairness evaluation." *Id.* If preliminary approval is given, notice must be provided to the class members "in order to afford them an opportunity to be heard on, object to, and opt out of the settlement." *Id.* (citing Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5)).

For the purposes of preliminary approval, the focus is whether "the settlement is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Schoenbaum v. E.I. Dupont De Nemours & Co.*, WL 47820822009, at *3 (E.D. Mo. Dec. 8, 2009). At the same time, "courts must be [] scrupulous because preliminary approval establishes an initial presumption of fairness." *Martin*, 295 F.R.D. at 383 (internal quotations omitted).

The settlement is preliminarily approved because it appears to be fair and reasonable. The parties propose a total settlement amount of One Million Fifty-Eight Thousand Seven Hundred

and Seventy-Seven Dollars and Seventy-Five cents ($1,058,777.75.) *Ex. 1* at 2, Doc. No. 26-1. This will be distributed pro-rata to the class members. *Id*. at 2. Each settlement class member will receive a payment based on Hunt's records of Class Members' hours worked, overtime pay, standby pay, and hourly pay, which was used to calculate overtime wages that include standby pay in the calculation of the regular rate, which was then compared to the number of workweeks each class member individually worked between August 24, 2018 and January 13, 2023. *Br. Mot. Approval* at 25. The proposed settlement amount appears reasonable, given the nature of the class claims and in light of the risks, expense, and possible length of continued litigation.

  C.  <u>Appointing Class Counsel</u>

Class counsel has experience in this type of litigation. *Br. Mot. Prelim. Approval* at 21-22; Decl. Chris Burks ¶¶ 8-10. Plaintiff's counsel investigated the class claims, drafted the complaint and amended complaint, and negotiated the settlement agreement. *Id*. ¶¶ 17-31 Accordingly, plaintiff's counsel is appointed as class counsel. Fed. R. Civ. P. 23(g).

There is no reason to believe that the proposed settlement agreement was the result of anything other than an arms-length negotiation. *See e.g., Kincade v. Gen. Tire & Rubber Co., 635 F.2d 501, 507*).

Finally, the proposed amount of attorneys' fees to class counsel, *Ex.* 1, p.9 ¶ G(2), is preliminarily reasonable given it is 12% of the common fund, the relevant statutes contain fee-shifting provisions, the time and labor required to investigate, prosecute, and mediate multi-state class actions are not insignificant; the multiple state law claims were somewhat novel, there was skill required to perform the legal service adequately; common fund fees are awarded customary fee for similar work in the Fifth Circuit; Plaintiff's counsel took the case on a contingent fee; and

the amount of money involved and the results obtained were favorable for the settlement class; experience and ability of the attorneys was required for such a multi-state class action. *Br. Mot. Prelim. Approval* at 21-22; *Decl. Chris Burks* ¶¶ 8-10, 17–31.

D. <u>Notice to Class Members</u>

Next, the proposed class notice is approved as to form and content. ILYM Group, Inc. is appointed as settlement administrator. The parties are, however, directed to fill in the relevant deadlines as set forth in this order. The mailing of this class notice to the last-known addresses of the class members is approved. This mailing satisfies due process and the requirements set forth in Federal Rule of Civil Procedure 23(c)(2)(B). *Nissan Motor Corp. Antitrust Litigation, In re,* 552 F.2d 1088 (5th Cir. 197); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015).

Within **thirty days** of the date of this order, Defendant will provide to the Settlement Administrator an electronic file containing each Class Member's Class Data, so that class counsel through the settlement administrator is directed to mail the notice to members of the class. Class members have the right to request exclusion from the settlement, but they must do so within **sixty days** from the day that the notices are postmarked. Such requests must be made in writing and include the class member's name, address, and telephone number. Further, they are to be sent directly to class counsel at the address specified in the notice. Class counsel shall, no later than **seven days** after the deadline to request exclusion, serve copies of all exclusion requests to defendants and file a notice containing the names of the individuals who have requested exclusion.

Class members also have a right to file objections to the proposed settlement. Objections must be filed within **sixty days** from the day that the class notices are postmarked. Further, the objecting class members shall serve a copy of their objections on class counsel and defendants'

counsel at the addresses specified in the notice. Class members also have a right to attend and to be heard at the fairness hearing. They may be represented by a lawyer when filing objections or at the fairness hearing, *see* Fed. R. Civ. P. 23(c)(2)(B)(iv), but counsel must enter an appearance prior to the fairness hearing.

Defendants shall promptly distribute the money required by paragraphs I(k), F(1), and G(1)-(4) of the settlement agreement to ensure that the class notices are mailed in accordance with the deadlines set forth in this order. This, however, need not happen until **fourteen days** after the date of this order. Defendants shall also timely file proof of compliance with the notice requirements of 28 U.S.C. section 1715(b).

Finally, class counsel shall file a motion for final approval consistent with the terms of the settlement agreement, at least **21 days** prior to the hearing. This petition will be taken up at the fairness hearing.

## II. CONCLUSION

For the foregoing reasons, the parties' joint motion for preliminary approval of the settlement [Doc. No. 25] is granted. Accordingly, the class is certified for settlement purposes and plaintiff's counsel is appointed as class counsel. The settlement agreement is preliminarily approved, but it is subject to a fairness hearing.

IT IS SO ORDERED this _____ day of January, 2023.

_____
UNITED STATES DISTRICT COURT JUDGE