UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DALTON SKINNER, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED;

 *Plaintiff*,          Case No. SA-22-CV-00799-JKP

v.

HUNT MILITARY COMMUNITIES
MGMT LLC, HUNT MH SHARED
SERVICES, LLC, HUNT MILITARY
COMMUNITIES MGMT., INC.,

 *Defendants*.

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter, which arises under state minimum wage laws and the federal Fair Labor Standards Act, comes before the Court for final approval of the Parties' proposed Rule 23 class action settlement and Settlement Agreement. The Parties sought preliminary approval of this proposed settlement and their Settlement Agreement, which was filed with the Court on January 13, 2022, in their Joint Motion for Preliminary Approval of Settlement, Class Certification, and Appointment of Class Counsel and for an Order Scheduling Fairness Hearing and Directing Notice to the Class. *See* ECF No. 25. On January 23, 2023, the Court granted preliminary approval of the settlement, certified the class for settlement purposes only under Federal Rule of Civil Procedure 23(b)(3), preliminarily approved the Parties' Settlement Agreement, appointed Plaintiff's Counsel Chris Burks as Class Counsel, appointed ILYM Group, Inc. as Settlement Administrator, approved the proposed Notice to Class Members about the class settlement and

directed that notice be timely sent, and scheduled a fairness hearing to determine whether the settlement is fair, reasonable, and adequate. *See* ECF No. 27.

Defendants have notified the Court that, in compliance with the Class Action Fairness Action of 2005 (CAFA), they have served all notices on the appropriate federal and state officials required by CAFA and that more than 90 days have passed since those notices were served. *See* ECF No. 35. Having now considered the proposed class settlement, the Parties' Settlement Agreement, the Declaration of Class Counsel Chris Burks, the declaration of the Settlement Administrator, all papers filed and proceedings held, and having held a fairness hearing on September 19, 2023, pursuant to Rule 23(e)(2), where no objections to the settlement were made, where all class members had an opportunity to be excluded from or object to the settlement, and where the Court heard from counsel for the Parties, **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Except as otherwise specified, the Court for purposes of this Order adopts all defined terms set forth in the Parties' Settlement Agreement.

2. Pursuant to the Parties' Settlement Agreement, the Gross Settlement Amount shall be One Million Fifty-Eight Thousand Seven Hundred and Seventy-Seven Dollars and Seventy-Five Cents ($1,058,777.75) to be paid by Defendant as provided in the Settlement Agreement. The Net Settlement Amount means the Gross Settlement Amount less amounts for Class Representative Service Payments, the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and the Settlement Administration Expenses. A sum of $130,000.00 shall go to Class Counsel for attorneys' fees, costs, and expenses.

3. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all the Parties to this litigation, including all Class Members in the following Class previously certified for settlement purposes only, except for those Class Members below who have requested to be excluded from the settlement.

4. With the exception of Class Members who have asked to be excluded, the Class is defined as follows:

> All current or former hourly-paid employees who worked unrestricted non-working standby time at all Hunt managed locations in the United States at any time between August 24, 2018 and January 13, 2023 (the "Class Period,") who did or could have asserted claims in the Action under the FLSA or similar state laws and who have not otherwise released such claims.

5. Three current or former employees of Defendants have requested to be excluded from this class action settlement, namely, Eugene Pearson; Gerald Vigil; and Patrick Holder. *See* ECF No. 31. As such, they will not receive a payment as part of the settlement, they will not waive or release any claims they may have, and they will not be bound by the terms of the Settlement Agreement.

6. The Notice to Class Members, sent pursuant to this Court's Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

7. Having held a fairness hearing on September 19, 2023, pursuant to Rule 23(a)(2) and having heard no objections to the Parties' settlement or the Settlement Agreement, the Court hereby grants final approval to the Parties' class action settlement and the terms of their Settlement Agreement. The Court finds that the settlement agreed to is in all respects fair, reasonable, and adequate and is in the best interests of the Class and that

it is binding on all Class Members who did not timely request to be excluded pursuant to this Court's Orders, the Settlement Agreement, and the Notice.

8. Specifically, pursuant to Rule 23(e)(2), the Court finds that this class settlement and the Parties' Settlement Agreement are fair, reasonable, and adequate because: (i) the Class Representative Dalton Skinner and Class Counsel Chris Burks have adequately represented the Class; (ii) the settlement was negotiated at arms-length between experienced counsel representing the interests of the Plaintiff and the Class and Defendant, after thorough factual and legal investigation, and with a third-party neutral mediator; (iii) the relief provided for the Class is adequate considering: (a) the costs, risks and delay of trial and appeal, (b) the method for providing such relief is effective (the settlement will be administered by a third-party settlement administrator), (c) the proposed settlement of attorneys' fees and costs and the timing of payment to Class Counsel are reasonable, and (d) the lack of any agreement required to be identified under Rule 23(e)(3); and iv) the settlement treats the Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(A)–(D).

9. In addition, the Court finds that the Parties' settlement and Settlement Agreement are fair, reasonable, and adequate under this Circuit's factors enunciated in *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285 (5th Cir. 2017), specifically, (1) lack of existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members.

10. The Court further finds that the response of the Class to the settlement supports approval under Rule 23(e) and *Jones*. Of the 567 of Class Members who received Notice of the settlement, only three, less than one percent, have asked to be excluded from the settlement, and none have objected to it.

11. The Court also finds that the proposed plan and procedures as set forth in the Parties' Settlement Agreement by which payments are calculated and made to Class Members are also fair, reasonable, and adequate, and payment shall be made according to those allocations and procedures as set forth in the Settlement Agreement.

12. The Court also finds that the settlement fair, reasonable, and adequate under the factors for common fund attorneys' fees set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717, 720 (5th Cir.1974) The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. at 717–19. The Court finds Class Counsel's declaration and the declaration of the Class Action Administrator consistent with a finding of reasonableness under these *Johnson* factors. *See* ECF No. No 38-6, ¶¶ 15–27.

13. Having found that the Parties' settlement is fair, reasonable, and adequate and meets the requirements of Rule 23(e)(2), the Court hereby dismisses all claims in this action with prejudice as to each Class Member, except that the claims of the above-identified Class Members who have requested to be excluded from the settlement are dismissed without prejudice.

14. Upon the Effective Date of the Settlement, Defendants shall timely comply with all of their obligations under the Settlement Agreement. Defendants, however, in no way admit any violation of law or any liability whatsoever to Plaintiff or the Class, individually or collectively, and admit that class treatment is proper only for purposes of settlement and otherwise is improper.

15. Upon the Effective Date of the Settlement, Defendants and the Released Parties, as identified in the Settlement Agreement, are hereby released and discharged forever as to all Claims by each and every Class Member, except as to above-identified Class Members who have requested to be excluded from the settlement, as provided for in the Settlement Agreement.

16. Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over this action for six months for the purposes of resolving issues relating to the administration, implementation, and enforcement of the Parties' settlement and their Settlement Agreement. If the Parties seek to extend the Court's jurisdiction beyond six months, they may file a motion requesting such extension.

It is so ORDERED.
SIGNED this 10th day of October, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE